IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,692






JOSEPH C. GARCIA, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


OF CAUSE NO. F01-00325-T FROM THE 283
RD JUDICIAL DISTRICT COURT


DALLAS COUNTY






 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N



 In February 2003, a jury convicted appellant of capital murder. Tex. Penal Code
Ann. § 19.03(a). Pursuant to the jury's answers to the special issues set forth in Texas
Code of Criminal Procedure Article 37.071, sections 2(b) and 2(e), the trial judge
sentenced appellant to death. Art. 37.071, § 2(g). (1) Direct appeal to this Court is
automatic. Art. 37.071, § 2(h). Appellant raises thirteen points of error. We affirm.

FACTS


 On December 13, 2000, seven inmates, including appellant, escaped from the
Texas Department of Criminal Justice Connally Unit, taking with them a number of
firearms stolen from the unit. On December 24th, the group committed a robbery at a
sporting-goods store in Irving, killing Irving police officer Aubrey Hawkins as they fled. 
The escapees used the weapons they stole from the prison to commit the robbery and
murder. The escapees then made their way to Colorado where they lived in an RV park
until January 2001, when six were apprehended and one committed suicide.

VOIR DIRE


 In points of error one through seven, appellant claims that the trial court erred in
overruling his challenges for cause to seven veniremembers. In each point of error,
appellant briefly sets out the subject matter of some of the questions he asked the
prospective juror, and then generally paraphrases the answers he received. Thereafter,
appellant's entire argument/discussion under each point reads as follows:

 Following the questioning of [the prospective juror], the appellant
asserted a clear and specific challenge for cause. [The prospective juror]
was challenged for [insert stated basis for challenge]. The appellant was
entitled under law to a juror who [repeat stated basis for challenge]. The
Court erroneously denied the appellant's challenge for cause. Appellant's
rights to an impartial jury under the Fifth, Sixth, and Fourteenth
Amendments to the U.S. Constitution were violated, as well as, his rights to
a juror free of any bias or prejudice against any of the law applicable to the
case upon which the defense is entitled to rely under Texas Code of
Criminal Procedure, Article 35.16(c)(2).


Finally, appellant concludes each point by stating that he preserved error on the point by
using a peremptory challenge on the prospective juror, exhausting all of this challenges,
asking for and being denied more, and identifying an objectionable juror. With the single
exception of setting out what is required to preserve error on these points, appellant has
not cited to any authority. However, we will, in the interest of justice, review the record
and address the points on their merits. A review of the record shows that the points are
otherwise preserved for review. See Feldman v. State, 71 S.W.3d 738, 743-45 (Tex.
Crim. App. 2002); Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1200 (1997). 

 A defendant may properly challenge any prospective juror who has a bias or
prejudice against him or against any phase of the law upon which he is entitled to rely. 
Art. 35.16(a)(9) and (c)(2). When reviewing a trial court's decision to grant or deny a
challenge for cause, we look at the entire record to determine if there is sufficient
evidence to support the trial court's ruling. Feldman, 71 S.W.3d at 743-45; Patrick v.
State, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996). 
The test is whether the bias or prejudice would substantially impair the prospective juror's
ability to carry out his oath and instructions in accordance with the law. Feldman, 71
S.W.3d at 743-45. Before prospective jurors may be excused for cause on this basis,
however, the law must be explained to them and they must be asked whether they can
follow that law regardless of their personal views. Id. Finally, the proponent of a
challenge for cause has the burden of establishing that the challenge is proper. Id. at 747. 
The proponent does not meet this burden until he or she has shown that the veniremember
understood the requirements of the law and could not overcome his or her prejudice well
enough to follow it. Id. When the record reflects that a venireperson vacillated or
equivocated on his or her ability to follow the law, the reviewing court must defer to the
trial court. Moore v. State, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999), cert. denied,
530 U.S. 1216 (2000); Brown v. State, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).

 In his first point of error, appellant complains that the trial court should have
granted his challenge for cause to prospective juror Ama Helfenbein for two reasons. 
First, she was unable to consider the minimum punishment of five years for murder. 
Second, she opined that if any participant in a crime was armed, then she would always
conclude that the State had met its burden to show that all participants should have
anticipated that a life would be taken in the commission of the offense and answer the
anti-parties issue "yes." See Art. 37.071 § 2(b)(2).

 When discussing lesser-included offenses, the prosecutor explained to Helfenbein
that lesser offenses carry different punishment ranges than capital murder, and a
defendant may be sentenced to as little as five years if convicted of one of these lesser-included offenses. When asked whether she could keep her mind open to the full range of
punishment, Helfenbein responded that she could. Appellant subsequently asked
Helfenbein whether, if the jury found him guilty only of murder, she could sentence him
to five years in the penitentiary. Helfenbein responded, "I doubt it." No further questions
were asked on the topic. Given this record, appellant has failed to carry his burden to
show that Helfenbein's views would substantially impair the prospective juror's ability to
carry out her oath and instructions in accordance with the law. 

 With regard to the law of parties, the record shows that the prosecutor generally
explained the law of parties to Helfenbein. When asked whether a party to a crime should
be held accountable for that crime, Helfenbein responded that it would depend on the
evidence, case by case. When discussing the anti-parties issue that is presented in the
punishment phase, the prosecutor told Helfenbein that the question always started out
with a "no" answer, but explained nothing further. In response to appellant's questions,
Helfenbein stated that, if more than one person was involved in a crime, and one of those
persons were armed, then she felt that the other people involved would anticipate that a
human life would be taken in the commission of the offense. Appellant then asked, "So if
the State were able to prove that one or more of the participants in a conspiracy or a joint
enterprise were armed, [the anti-parties issue] would be answered yes in your mind?" 
Helfenbein answered the question with a simple, "Yes." 

 The record does not indicate that any distinction was made between the law of
party liability in the guilt phase of trial and the law governing the anti-parties issue at
punishment. In some cases, a jury's finding of guilt will be the functional equivalent of
an affirmative answer to the anti-parties special issue; however, that is not always so. 
Valle v. State, 109 S.W.3d 500, 503-04 (Tex. Crim. App. 2003). A defendant may be
found guilty of capital murder under a parties theory without meeting the requirements for
an affirmative answer to the anti-parties punishment issue. Id. Without more, appellant
has not met his burden to show that Helfenbein understood the requirements of the law
but could not overcome her prejudice well enough to follow it. Nor has appellant shown
that Helfenbein's views would have substantially impaired her ability to carry out her oath
and instructions in accordance with the law. 

 The trial court did not abuse its discretion in denying appellant's challenge for
cause to Helfenbein. Appellant's first point of error is overruled.

 In his second point of error, appellant complains that the trial court should have
granted his challenge for cause to prospective juror Thomas Tucker because Tucker
believed that a person who had committed one murder would always be a continuing
threat to society, thereby relieving the State of its burden to prove the future-dangerousness issue beyond a reasonable doubt. During a discussion with the prosecutor
on the future-dangerousness issue, Tucker commented that if he believed that the
defendant was guilty of the crime with which he was charged, he might be "predisposed"
to believe that the person would be willing to commit another violent act. However, after
the prosecutor further explained the law, Tucker stated that, although he might find it
difficult, he believed that he could follow the law. During questioning by appellant,
Tucker confirmed that he would not automatically answer the future-dangerousness
question "yes" just because he had found the defendant guilty.

 Given the record, we hold that appellant has failed to show that Tucker's views
would have substantially impaired his ability to carry out his oath and instructions in
accordance with the law. The trial court did not abuse its discretion in denying
appellant's challenge for cause to Tucker. Appellant's second point of error is overruled.

 In his third, fourth, fifth, sixth, and seventh points of error, appellant complains
that the trial court should have granted his challenges for cause to prospective jurors
Larry Carroll, Gregory Babineau, Lillian Lyles, Alan Lucien, and Robin Tucker. In each
point, appellant states that the prospective juror gave conflicting answers concerning the
complained-of issues, but also concedes that the prospective juror ultimately told the
court that he or she could follow the law.

 By appellant's own admission, each of these prospective jurors was at best a
vacillating veniremember. When the record reflects that a venireperson vacillated or
equivocated on his or her ability to follow the law, the reviewing court must defer to the
trial court. Moore, 999 S.W.2d at 400; Brown, 913 S.W.2d at 580. 

 Given appellant's arguments and a review of the record, we hold that appellant has
failed to meet his burden to show that any of the prospective jurors were challengeable
for cause. The trial court did not abuse its discretion in denying appellant's challenges. 
Appellant's third through seventh points of error are overruled.

EXTRANEOUS OFFENSE EVIDENCE


 In his eighth point of error, appellant complains that the trial court erred in
admitting evidence during the guilt phase concerning two extraneous offenses: (1)
appellant's escaping from prison, and (2) the escapees' taking of numerous firearms
during the escape. Appellant asserts that the admission of this evidence violated Texas
Rules of Evidence 401, 402, 403, and 404(b). He also asserts that the trial court should
have granted his request for a limiting instruction once the evidence was admitted.

 While Rule of Evidence 404(b) states, "Evidence of other crimes, wrongs, or acts
is not admissible to prove the character of a person in order to show action in conformity
therewith," the rule goes on to say, "It may, however, be admissible for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident. . ." See also Montgomery v. State, 810 S.W.2d 372,
388-89 (Tex. Crim. App. 1990) (opinion on rehearing). Evidence of another crime,
wrong, or act also may be admissible as same-transaction contextual evidence where
"several crimes are intermixed, or blended with one another, or connected so that they
form an indivisible criminal transaction, and full proof by testimony, . . .of any one of
them cannot be given without showing the others." Wyatt v. State, 23 S.W.3d 18, 25
(Tex. Crim. App. 2000); Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). The
jury is entitled to know all relevant surrounding facts and circumstances of the charged
offense. Wyatt, 23 S.W.3d at 25. However, under Rule 404(b), same-transaction
contextual evidence is admissible only when the offense would make little or no sense
without also bringing in the same-transaction evidence, and it is admissible "only to the
extent that it is necessary to the jury's understanding of the offense." Id. 

 Because the weapons used in the instant offense were identified as those taken
from the prison, and because the taking of the weapons was intricately intertwined with
the prison escape, the trial court concluded that evidence of the escape and the stolen
weapons was admissible as contextual evidence. Furthermore, the court noted that the
evidence of the extraneous events was limited to only that necessary to explain the
connection of the weapons to the instant offense and appellant's connection to the
weapons. The trial court did not abuse its discretion in admitting this evidence.

 With regard to appellant's claims that the admission of the evidence was more
prejudicial than probative or that he was entitled to a limiting instruction regarding the
evidence, he has wholly failed to present anything more than conclusory statements. He
has inadequately briefed these complaints, and we will not address them. Tex. R. App. P.
38.1(h). Point of error eight is overruled.

CONSTITUTIONALITY OF STATUTE


 In his final four points of error, appellant challenges the constitutionality of the
Texas death-penalty scheme. In his ninth point, he asserts that the mitigation question of
Article 37.071, section 2(e) is unconstitutional because the State is not required to prove
the absence of sufficient mitigating circumstances beyond a reasonable doubt, as dictated
by the United States Supreme Court's opinions in Apprendi v. New Jersey, 530 U.S. 466
(2000), and its progeny. In his tenth point, appellant asserts that Article 37.071, section
2(b)(1), was unconstitutionally applied in his case because the court refused to define the
term "probability" and the phrase "criminal acts of violence." In his eleventh point of
error, appellant challenges the "10/12" rule of Article 37.071. In his twelfth point,
appellant asserts that the scheme is unconstitutional "because of the impossibility of
simultaneously restricting the jury's discretion to impose the death penalty while also
allowing the jury unlimited discretion to consider all evidence militating against
imposition of the death penalty." This Court has previously considered and rejected all of
these claims, and appellant has given us no reason to reconsider them here. Escamilla v.
State, 143 S.W.3d 814, 828 (Tex. Crim. App. 2004). Appellant's ninth through twelfth
points of error are overruled.

 Appellant asserts in his thirteenth point of error that the cumulative effect of the
above-enumerated constitutional violations denied him due process of law. Because
appellant has not shown any constitutional violations, there can be no cumulative effect. 
Id. at 829. Point of error thirteen is overruled.

 We affirm the judgment of the trial court. 


Delivered: February 16, 2005

Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.